Dawn A. Silberstein (SBN 167936)
**WILSON, ELSER, MOSKOWITZ,**
 **EDELMAN & DICKER LLP**
525 Market Street – 17th Floor
San Francisco, CA 94105-2725
Telephone: (415) 433-0990
Facsimile:  (415) 434-1370
Email: Dawn.Silberstein@wilsonelser.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY and SENTINEL INSURANCE COMPANY LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN STATE MANUFACTURING SERVICES LLC and GOLDEN STATE SERVICES LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT, ACCOUNT STATED AND UNJUST ENRICHMENT**<br><br>**THE AMOUNT OF THE DEMAND IN THIS ACTION IS OVER $75,000** |

Plaintiffs, Hartford Fire Insurance Company and Sentinel Insurance Company Ltd., by and through their undersigned attorneys, as and for their Complaint against Defendants, Golden State Manufacturing Services LLC and Golden State Assembly LLC, allege as follows:

**<u>Nature of Action</u>**

1. This is an action for breach of contract to recover money damages based upon Defendants' failure to pay the full premiums owed under certain workers compensation and business owner insurance policies issued by Plaintiffs.

**Parties**

2. Plaintiffs, Hartford Fire Insurance Company and Sentinel Insurance Company, Ltd. (collectively, "Hartford") are Connecticut corporations which maintain their principal place of business at One Hartford Plaza, Hartford, Connecticut 06155. Hartford is engaged in the business of insurance.

3. Defendant, Golden State Manufacturing, LLC ("GS Manufacturing") is a California limited liability company which maintains its principal place of business at 47960-B Westinghouse Drive, Fremont, California 94539.

4. Defendant, Golden State Assembly, LLC ("GS Assembly") is a California limited liability company which maintains its principal place of business at 42823 Westinghouse Drive, Fremont, California 94539.

5. Upon information and belief, the individual members of GS Manufacturing and GS Assembly (collectively, "Defendants" or "Golden State") are also citizens of California. Defendants GS Manufacturing and GS Assembly are engaged in the business of assembling custom wire harnesses for clients such as Tesla.

6. For all intents and purposes, GS Manufacturing and GS Assembly are alter egos of each other and should be treated as a single entity herein. GS Manufacturing and GS Assembly have a unity of interest consisting of common ownership and management, namely through Cesar Madureno. They both operate out of the same location in an industrial park, have the same employees and registered agents, and represent themselves to the public as a single entity under the name of Golden State Assembly. *See* http://www.gsassembly.com/index.php

**Jurisdiction and Venue**

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because it involves citizens of different states and an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

8. Venue of this action in the Northern District of California is proper under 28 U.S.C. § 1391(b) in that it is the District where Defendant resides and where a substantial part of the events giving rise to this action occurred.

## Background Facts

9. At the request of Golden State, Hartford issued the following insurance policies: (i) Workers Compensation Insurance Policy No. 57-WEC-IO7047 for the periods of January 8, 2016 to January 8, 2017, and January 8, 2017 to January 8, 2018, and which was cancelled effective June 1, 2017; and (ii) Spectrum Business Owner's Insurance Policy No. 57-SBA-RI7065 for the periods of January 8, 2016 to January 8, 2017, and January 8, 2017 to January 8, 2018, and which was cancelled effective July 23, 2017 (collectively, the "Policies").

10. Pursuant to the Policies, Golden State agreed to pay certain premiums to Hartford. The premiums under the Workers Compensation Insurance Policy were based upon Golden State's payroll and applicable employee classification codes. The premiums under the Spectrum Business Owner's Insurance Policy were based upon Golden State's gross sales.

11. Premiums under all Policies were initially estimated based upon the information supplied by Golden State and expressly subject to adjustment after an audit of Defendant's applicable books and records at the conclusion of the Policy periods.

12. At the time Golden State initially applied for the policies with Hartford, GS Manufacturing represented that it was engaged in the business of electronic component manufacturing and only had three employees with a total estimated payroll of $138,500 and estimated gross sales of $800,000. These estimates turned out to be grossly inaccurate.

///
///
///
///

## AS AND FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

13. Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 12 as if fully set forth herein.

14. At the conclusion of the Policy periods, Hartford performed an audit of the applicable books and records of Golden State. As a result of the audit, it was determined that Golden State owed additional premiums in the sum of $266,405.00 (the "Additional Premiums") for the insurance coverages provided by the Policies.

15. The primary reason for the assessment of Additional Premiums was that Golden Sate had woefully underestimated its payroll for its electrical wire harness manufacturing employees, as well as its gross sales.

16. As noted above, at the time Golden State initially applied for the policies with Hartford, GS Manufacturing represented that it was engaged in the business of electronic component manufacturing and only had three employees with a total estimated payroll of $138,500, and estimated gross sales of $800,000. After the audit, it was determined that Golden State had 207 employees with an actual payroll of $1,892,443, and actual gross sales of $11,157,580.

17. GS Manufacturing also failed to disclose to Hartford during the application process that it was leasing employees to GS Assembly and that such employees would be covered under the Workers Compensation Insurance Policy obtained by GS Manufacturing.

18. On several occasions, Hartford sent to Golden State a Final Insurance Bill setting forth the Additional Premiums owed under the Policies and demanding payment. A true and correct copy of the Final Insurance Bill sent to Golden State is annexed hereto as **Exhibit A**.

19. Golden State has wrongfully refused to pay the Additional Premiums owed to Hartford and thereby breached the terms and conditions of the Policies.

20. As a result of Defendant's breach of contract, Hartford has been damaged in the sum of $266,407.00 (excluding interest, fees and costs).

## AS AND FOR A SECOND CAUSE OF ACTION

### (Account Stated)

21. Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 20 as if fully set forth herein.

22. The amount of unpaid Additional Premiums owed to Hartford pursuant to the Policies is $266,405.00.

23. The Final Insurance Bill issued to Golden State created an express and implied agreement between the parties as to the Additional Premiums due Hartford under the Policies.

24. Golden State received and retained the Final Insurance Bill and did not, contemporaneously or reasonably thereafter, object to or dispute the amounts or charges contained therein and thereby accepted the invoice.

25. Golden State has wrongfully failed to pay the Additional Premiums invoiced despite Hartford's demands for payment.

26. Golden State's failure to pay the amount due has caused Hartford to suffer damages.

27. As a result of Golden State's failure to pay the amount due as invoiced, Hartford has been damaged in the sum of $266,405.00 (excluding interest, fees and costs).

## AS AND FOR A THIRD CAUSE OF ACTION

### (Unjust Enrichment / Quantum Meruit)

28. Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 27 as if fully set forth herein.

29. The Policies were issued in the name of GS Manufacturing, although the Policies clearly benefited both GS Manufacturing and GS Assembly.

30. Accordingly, as a matter of equity, both GS Manufacturing and GS Assembly should be deemed jointly and severally liable for the Additional Premiums owed under the Policies since they both benefited from the insurance coverage provided by the Policies.

WHEREFORE, Plaintiffs Hartford Fire Insurance Company and Sentinel Insurance Company Ltd. hereby demand that a judgment be entered against Defendants Golden State Manufacturing Services LLC and Golden State Assembly LLC, jointly and severally, in the amount of $266,405.00, together with pre- and post-judgment interest thereon at the statutory rate of 10% per annum, and an award of the fees, costs and expenses incurred by Hartford herein, and such other, further, and different relief as the Court may deem just and proper.

Dated:  May 23, 2018

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Dawn A. Silberstein (SBN 167936)
Attorneys for Plaintiffs
Hartford Fire Insurance Company and
Sentinel Insurance Company Ltd.,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Page 1



**Final Insurance Bill**

Billing Company:
Hartford Fire Insurance Company

Pay Online: www.thehartford.com/servicecenter
For Customer Service Call: **1-866-467-8730**
7 a.m. to 7 p.m. Central Time (Mon – Fri)

Report Claims 24 hours a day: 1-800-327-3636

**Bill Date: 12/08/17**                                **BILLING ACCOUNT #: 14819833**

| Current Balance: $266,407.00 | Minimum Due: $266,407.00 | Due Date: 12/28/17 |

Named Insured:   **GOLDEN STATE MANUFACTURING S**
Your Agent:      **ISU INS SVCS-CHEUNG & ASSOC/PHS**

### ACCOUNT SUMMARY

| | |
|---|---|
| Previous Account Balance | $266,407.00 |
| Payments & Adjustments | $0.00 |
| Premium Activity | $0.00 |
| New Fee(s) | $0.00 |
| Account Balance | $266,407.00 |

### IMPORTANT MESSAGES

- Your account is past due and no longer active. The full minimum amount due for coverage provided is now due or the unpaid balance will be transferred to our Collections Department. Payment of the minimum due will not result in reinstatement of coverage.

### TRANSACTION DETAILS (since your last bill)

| Transaction Date | Transaction Description | Policy # | Policy Type | Payments/Adjustments | Premium Activity | Fee Activity |
|---|---|---|---|---|---|---|
| | No new Activity | | | | | |

---

Please detach here and insert with your payment. Write the account number on the check and make payable to **The Hartford**.

Check below and **complete reverse side** to request:
☐ Address Changes

**Mail Payments To:**

The Hartford
P O Box 660916
Dallas, TX 75266-0916

Account Number: **14819833**

Amount Enclosed: _____

| Payment Due Date | 12/28/17 |
|---|---|
| Current Balance | Minimum Due |
| $266,407.00 | $266,407.00 |

1206
GOLDEN STATE MANUFACTURING S
47823 WESTINGHOUSE DR
FREMONT, CA 94539

57 14819833 07 15 18 09 00 0266407 00 0 0266407 00 81 0004

81960909 12/08/17 04 57 1481983 94 NU54

### FUTURE ACCOUNT INSTALLMENT SCHEDULE

| Bill Date | Due Date | Minimum Due |
|---|---|---|
| 12/08/17 | 12/28/17 | $266,407.00 |

### IMPORTANT PAYMENT-RELATED INFORMATION

We will apply payments received in the following order:
- Past due and audit premium on inactive policies
- Past due premium on active policies
- Past due fees, then
- Current account charges

Alternate payment instructions with your check will not be honored. When you provide a check as payment, you authorize us to either use information from your check to make a one-time electronic transfer from your bank account or process your payment as a check transaction.

If you believe you received this invoice in error, please contact us at 1-866-467-8730 so that we can prevent further action.

### POLICY BILLING DETAILS

| Policy Number | Policy Type/Bill Plan/Status | Policy Period | Policy Balance | Minimum Due |
|---|---|---|---|---|
| 57SBARI7065 | Business Owners/FULL PAY/Expired | 01/08/16-01/08/17 | $2,731.00 | $2,731.00 |
| 57WECIO7047 | Workers Compensation/FULL PAY/Expired | 01/08/16-01/08/17 | $166,071.00 | $166,071.00 |
| 57SBARI7065 | Business Owners/FULL PAY Equal/Cancelled 07/23/17 | 01/08/17-01/08/18 | $2.00 | $2.00 |
| 57WECIO7047 | Workers Compensation/FULL PAY Equal/Cancelled 06/01/17 | 01/08/17-01/08/18 | $97,603.00 | $97,603.00 |
| | | TOTALS | $266,407.00 | $266,407.00 |

### PAYMENT OPTIONS

- **Online** at www.thehartford.com/servicecenter. Policies subject to cancellation may not be available in our automated system.
- **AutoPay** automatically withdraws premium payments from your bank account when they're due – ensuring payments are never late and eliminating the potential for late fees. Enroll at www.thehartford.com/servicecenter or by calling 1-866-467-8730.
- **Payment by phone** allows you to make a one time payment from your bank account by calling our automated system at 1-866-467-8730. Policies subject to cancellation may not be available in our automated system.
- **Mail payment** ONLY along with the remittance stub, in the envelope provided. Allow at least 5 days for delivery. **Do not** mail any correspondence with your payment. Correspondence should be mailed to: The Hartford, 301 Woods Park Drive, Clinton, NY 13323.
- **For Overnight/Express** – send **payments only** to: Remitco – The Hartford #916, 1010 W Mockingbird Lane Suite 100, Dallas, TX 75247.

### EXPLANATION OF TERMS

**State Surcharges:** Fees that are assessed by your state and local government and paid by The Hartford to the appropriate agency. If a surcharge is applicable in your state, it will be shown separately on your invoice.

**Current Balance:** The total amount due after applying all payments, credits or additional charges received since the last insurance bill.

**New Fee(s):** The total of all fees assessed on the current bill.

**Service Fee:** A fee that is assessed on each installment invoice, except where prohibited by law.

**Audit:** This amount reflects the difference between the actual and estimated premium.

---

**Address Changes:**   Check One:   ☐ Mailing address **ONLY**   ☐ Mailing address **AND** Physical Location change

Street: _____   Effective Date of change: _____

City/State/Zip: _____   Phone #: _____

Email Address: _____